IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SKY STAR MOON AND UNIVERSE TRUST, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> HSBC BANK USA, et al, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. CV10-234-S-EJL <br> ) <br> ) MEMORANDUM ORDER <br> ) <br> ) <br> ) <br> ) |

Pending before the Court in the above-entitled matter is Plaintiffs Motion for Temporary Restraining Order of Foreclosure Proceedings/Removal of Family From Home (Docket No. 3). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Procedural Background

Plaintiffs The Sky Star Moon and Universe Trust with Steve Fritts as the Trustee and Brenda Burton as the Manager and keeper of the records ("Trust") and Sterling Mortensen ("Mortensen") filed a Complaint on May 7, 2010 alleging the Defendants committed securities fraud, unlawful foreclosure, violations of Fair Debt Collections Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), Uniform Commercial Code ("UCC") and Idaho Code § 9-1501. Defendants include HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2006-AR4, Mortgage Electronic Registrations SystemsMERS, Northwest Trustee Services, Inc., Foreclosure expeditors/Initiator, LLC, "FEI", Routh

Crabtree and Olsen, GMAC Mortgage and America's Servicing Company and Land American Transnation and Silver State Financial Services, Inc d/b/a Silver State Mortgage (collectively referred to as the "Defendants"). Plaintiffs seek to hold the Defendants liable for violations of the above listed statutes, to stop the foreclosure on a certain parcel of property located at 4540 Columbine Street, Boise, ID, 83713 ("Columbine Property") and for damages in the amount of over $20 million.

Based the Court's review of the record in this matter, the Defendants have not yet been served with the Complaint, summons or motion for temporary restraining order. In the motion, Plaintiffs seek to have this Court enjoin the foreclosure proceedings brought by the Defendants or any successors in interests to the Defendants. The Court notes Plaintiffs make reference to the state court foreclosure proceedings in case number CV OC-0923591 but does not indicate the exact status of those proceedings. The Court presumes the referenced case would be in Ada County since the real property at issue, the Columbine Property, is located in Boise, Idaho. The Court searched the Idaho State Judiciary, Idaho Supreme Court Repository (https://www.idcourts.us/repository/caseNumberSearch.do) and noted there is a case in Ada County entitled <u>HSBC Bank USA Nation Association v. Sterling J. Mortensen, etal.</u>, Case CV-OC-2009-23591. In that state court action there has been court ordered mediation, a Judgment on the pleadings dated April 30, 2010, a writ of ejectment (or eviction) issued on May 6, 2010 and a Motion to Stay Order Until Proof of Service to Sterling Mortensen, Occupant, or John and Jane Does Can Be Produced which was filed on May 7, 2010.

None of the relevant loan and/or foreclosure documents have been provided to this Court. Moreover, in reviewing Plaintiffs' motion, the Court notes that the main reason for seeking a temporary restraining order is to prevent economic harm to Plaintiffs by removing them from the property Mortensen and his family have lived on for 21 years and losing any improvements they have allegedly made to the property over the 21 years. It is unclear to the Court what interest, if any, the Trust has in the Columbine Property and how the Trust

would be harmed by the foreclosure. Mortensen also maintains in his affidavit it would be emotionally difficult to leave the Columbine Property.

Plaintiffs maintain the foreclosure is unlawful as Mortensen was not fully informed when he executed certain loan documents, originals of loan documents and deeds of trust have not been provided as requested, Plaintiffs were never served with the state court complaint, and the lenders used predatory lending practices in violation of numerous federal and state statutes in fraudulently convincing Mortensen to execute certain documents.

### Analysis

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...." Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "*demonstrate* immediate threatened injury." See, e.g., Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original). Accordingly, the Court will review the current motion to determine if a temporary restraining order should issue at this time.

Rule 65(a) discusses the procedure to be followed on an application for temporary restraining order or a preliminary injunction. A temporary restraining order enjoining certain actions may issue even though a plaintiff's right to permanent injunctive relief is not certain. The grant or denial of a temporary restraining order or a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity. See Inland Steel v. U.S., 306 U.S. 153 (1939); Deckert v. Independence Shares Corp., 311 U.S. 282 (1940); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

While courts are given considerable discretion in deciding whether a temporary restraining order or preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion. See: Sampson v. Murray, 415 U.S. 61 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528, (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

In the case of Martin v. International Olympic Committee, 740 F.2d 670, 674-675 (9th Cir. 1984), the Ninth Circuit stated that a party seeking a temporary restraining order or preliminary injunctive relief must meet one of two tests. Under the first,

> [A] court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

Id. (internal quotations and citations omitted); and Stanley v. Univ. of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994). Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." Miller v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994) (en banc). This alternative test is on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown, and vice versa. Id.

Speculative injury is insufficient to support a finding of irreparable harm. As the Ninth Circuit has stated,

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

Carribean Marine Service Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

In considering the Motion for Temporary Retraining Order, Plaintiffs appear to argue the Court should accept as true the assertions of Plaintiff. However, the "weight to be given such evidence is a matter for the Court's discretion, upon consideration of the competence, personal knowledge and credibility of the affiant." Bracco v. Lackner, 462 F. Supp. 436, 442 n.3 (N.D.

MEMORANDUM ORDER - Page 4
10ORDERS\sky.WPD

Cal. 1978) (reviewing motion for preliminary injunction); see also Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1377 (9th Cir.1985) (explaining that when considering a motion for temporary restraining order or preliminary injunction the "weight to be given each [affiant's] statement[] is in the discretion of the trial court"). The Court, therefore, will review all the submitted evidence and give each affidavit and exhibit the consideration it deserves.

The Court finds in reviewing this record, that a temporary restraining order should not be entered in this case at this time. First, the Plaintiff has not demonstrated irreparable injury. The Court finds the relief sought by Plaintiffs is to protect purely economic monetary harm and that is not a proper basis for a temporary injunction when there has been no showing the Defendants will not be able to pay economic damages if Plaintiffs' claims are successful. See, e.g., Oakland Tribune, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "It is well established . . . that such monetary injury is not normally considered irreparable." Los Angeles Memorial Coliseum Comm'n. v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). Therefore, to prevail on the Motion for Temporary Restraining Order, Plaintiffs must demonstrate that an award of damages would be "seriously deficient as a remedy for the harm suffered." Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir.1984). While calculating damages may be difficult, damages are regularly awarded to rectify this type of harm and any monetary injury to Plaintiffs by Defendants can be quantified when damages, if any, are determined. Therefore, for these reasons, the Court finds that damages would provide an adequate remedy and the request for a temporary restraining order should be denied as there is no irreparable injury.

Second, the injury Plaintiff seeks to avoid is speculative at this stage in the litigation. It is unclear if the state court will take action on Plaintiffs' pending motion for a stay and the state court is more familiar with the loan documents at issue in this case. It is not proper for Plaintiffs to file an action in federal court regarding the same claims presented in state court. There are limited judicial resources and Plaintiffs have not established why they would be unable to proceed on their defenses and counter-claims in the state court action.

Third, based on the lack of documents related to the allegations, the Court is unable to determine whether Plaintiffs are likely to prevail on the merits of their claims. This Court is not in the practice of issuing a temporary restraining order on a foreclosure matter when there is a related state court matter and the Defendants have not had an opportunity to be heard on Plaintiffs' allegations. For these reasons, the Court must deny the motion for temporary restraining order at this stage in the litigation.

## Order

Being fully advised in the premises, the Court hereby orders the motion for temporary restraining order (Docket No. 3) is DENIED. Plaintiffs are directed to serve of copy of this Memorandum Order on all Defendants.

DATED: **May 11, 2010**

_____
Honorable Edward J. Lodge
U. S. District Judge