IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING MORTENSEN, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV10-234-S-EJL |
| ) | |
| vs. ) | ORDER ON REPORT |
| ) | AND RECOMMENDATION |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On August 24, 2012, United States Magistrate Ronald E. Bush issued a Report and Recommendation on the pending motion to dismiss, Dkt. 128. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation portion of the Order, Report and Recommendation. Plaintiff Sterling Mortensen ("Mortensen") filed an objection to the Report and Recommendation on September 12, 2012, Dkt. 131.  Defendants filed a response to Plaintiff's objection on September 17, 2012, Dkt. 132.  The matter is now ripe for this Court's review.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

## FACTUAL BACKGROUND

The Court adopts the factual background as set forth in the Order, Report and Recommendation, pp. 2-5, Dkt. 128:

> On or about August 10, 2006, Plaintiff obtained a home refinance loan[1] from Silver State Mortgage ("Silver State"), for 4540 Columbine, Boise, Idaho (the "Property"). Compl.[2] ¶¶ 3.0, 3.1. Plaintiff also executed a Deed of Trust, which was recorded in Ada County on August 15, 2006. The Deed of Trust identified Silver State as the Lender, Land America Transnation as the trustee, and MERS as the beneficiary and "nominee for lender, and the lender's successors and assigns." Compl. ¶ 3.2; O'Neill Aff., Ex. A (Dkt. 111-2). Silver State transferred servicing of the loan to GMAC Mortgage Corporation, then the servicing rights were transferred to ASC. Compl. ¶¶ 3.4, 3.6.
> In June 2008, Plaintiff alleges that due to financial hardship and a "drop in the value of homes" in the Boise area generally, he called ASC to discuss loan options . *Id.* ¶¶ 3.7 – 3.11. Plaintiff made his last loan payment in July of 2008. *Id.* ¶¶ 3.10, 3.11. On November 26, 2008, MERS, as the Deed of

---

[1] This "loan" refers to two transactions with the same lender. Plaintiff borrowed $320,000 and also $80,000 to refinance the home. *See* Compl. ¶ 3.1. The Deeds of Trust for both were identical. *Id.* at ¶¶ 3.2 & 3.3. For ease of reference, and because the parties generally refer to both loans as one transaction, the Court has referred to the transaction as a unified event.

[2] The Complaint referred to throughout this Report and Recommendation is the final amended complaint, filed at Docket Number 106 and titled "Verified Amended Complaint for Declaratory and Injunctive Relief, and Damages".

Trust beneficiary and the lender's nominee, appointed Northwest as successor trustee. Compl., ¶ 3.27. This Appointment of Successor Trustee was recorded on December 2, 2008. Dkt. 73-3[3], Ex. U. Also executed on November 26, 2008 and then recorded on December 2, 2008, was an Assignment of Deed of Trust, in which MERS as beneficiary under the Deed of Trust granted all its beneficial interest, together with the note or notes described in the Deed of Trust, to HSBC Bank USA ("HSBC").[4] Compl., ¶ 3.28; Dkt. 73-3, Ex. V. HSBC received this interest as trustee for Nomura. *Id.* On December 2, 2008, Northwest recorded a Notice of Default for the Property. Compl., ¶ 3.29.

On December 31, 2008, Plaintiff filed for bankruptcy. *Id.* ¶ 3.33. On March 4, 2009, the bankruptcy court granted HSBC relief from the bankruptcy stay. *Id.* ¶ 3.35. Following a non-judicial foreclosure sale, a Trustee's Deed conveying the Property to HSBC, as trustee for Nomura, was issued and recorded on November 3, 2009. First O'Neill Aff., ¶ 7 & Ex. F (Dkt. 31). On December 11, 2009, HSBC and other entities filed a case in state court for eviction, ejectment, and restitution of property against Plaintiff and other occupants of the Property, Ada County Case No. CVOC2009-23591.[5] Compl. ¶ 3.74. Ada County Court District Judge Thomas F. Neville issued several orders upholding the validity of the trustee's sale and rejecting Plaintiff's allegations that the foreclosure was wrongful or that he retained an interest in the Property. *See* O'Neill Aff., Exs. E, F, and G (Dkt. 111-2). On April 30, 2010, one week before Plaintiff filed this case, Judge Neville, having granted a motion for judgment on the pleadings, entered judgment in favor of HSBC Bank and the other plaintiffs in that case and against Plaintiff and the other occupants of the house "for restitution of" the Property. O'Neill Aff., Ex. E (Dkt. 111-2). Although Plaintiff requested reconsideration and filed a variety of motions in that case, Judge Neville denied all of those motions[6] and Plaintiff did not timely appeal the judgment in that case.

Complicating matters, on October 12, 2009, Plaintiff executed a Quitclaim Deed purporting to transfer the Property to Brenda Burton and Steve Fritts. (Dkt. 34-1, Ex. A). That same day, Burton and Fritts gave a warranty deed for the property to the Sky Star Moon and Universe Trust (the "Trust"). *See* Dkt. 34-1, Ex. B; Compl. At ¶¶ 3.56, 3.104. Steve Fritts recorded that

---

[3] This document is a prior verison of the amended complaint, that was verified and included several exhibits referred to in, but not attached to, the most recent version of the complaint.

[4] Earlier in these proceedings the Court determined that Plaintiff did not set out sufficient facts to support his claims against HSBC Bank, Routh Crabtree & Olsen, Foreclosure Expediters, LandAmerica Transnation, and GMAC Mortgage. (Dkt. 102).

[5] Idaho Supreme Court's Repository lists a case in Ada County entitled *HSBC Bank USA Nation Association v. Sterling J. Mortensen, et al.*, Case CV-OC-2009-23591. The Repository is available online at https://www.idcourts.us/repository/start.do. The Court may take judicial notice of these public records. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court decision and related filed briefs for purposes of determining prior judgment's preclusive effect); *Lee v. City of Los Angeles*, 250 F.3d 668, 888-89 (9th Cir. 2001) (explaining that court may take judicial notice of matters of public record); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (providing that court may take judicial notice of documents whose authenticity is not at issue).

[6] After judgment, Plaintiff filed two motions for stay, a motion for temporary restraining order, motion for hearing, and motion for findings of fact and conclusions of law. *See HSBC Bank USA Nation Ass'n v. Sterling J. Mortensen, et al.*, Case CV-OC-2009-23591 (Ada County).

purported "Trustee's Deed" on November 27, 2009, three weeks after the Deed of Trust in favor of HSBC was recorded following the foreclosure sale. First O'Neill Aff., Ex. E (Dkt. 31). In August of 2010, Fritts and Burton, in their capacity as representatives of the Trust, deeded the Property back to Burton and Fritts in their individual capacities, apparently to avoid an issue with appearing *pro se* in this case on behalf of the Trust. *See* Mot. & Mem. to Allow Pls.' to Submit Lit. Plan, p. 2 (Dkt. 34).

Plaintiff's most recent Complaint (Dkt. 106) raises the following claims (as identified by Plaintiff) against the remaining Defendants, ASC, Northwest, MERS, and Silver State:[7] (1) breach of fiduciary duties by Silver State, ASC, and Northwest; (2) violations of the federal Truth in Lending Act; (3) violations of the Idaho Trust Deeds Act; (4) violations of the Real Estate Settlement Procedures Act; (5) violation of the consumer protection act[8]; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. Plaintiff seeks declaratory judgment on these issues in his favor and requests that the Defendants be required to return any "unlawfully received" payments and be ordered to void the sale of Plaintiff's Property and return it to him. Comp., p. 58 (Dkt. 106).

ASC, Northwest, and MERS have responded to the Complaint with a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 111).

## TIMELINESS

Defendants object that Plaintiff's objections to the Report and Recommendation were not timely filed. The Court agrees. Judge Bush specifically stated that Plaintiff's objections were to be filed on or before September 10, 2012 which was seventeen days after the issuance of the Report and Recommendation in order to allow Plaintiff fourteen days plus three days for mailing his objections. Plaintiff did not file his objections until September 12, 2012 and no reason has been provided for his failure to timely object.

The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Federal Rule of Civil Procedure 72 and Dist. Idaho Loc. Civ. R. 72.1 provide for fourteen days to file objections. Plaintiff did not comply with the rules or Judge Bush's additional three days pursuant to Fed. R. Civ. P. 6 (d) to file

---

[7] Although he also asserted claims against Nomura, Nomura took no action related to the foreclosure or other events in this case because HSBC operated as the trustee for Nomura at all times. *See also supra*, p.1 n.1.

[8] Plaintiff's Complaint, in the Jurisdiction section, refers to both "State and Federal Consumer Protection Acts", but he cites only to an Idaho case in support; hence, the Court will view this as a claim under the Idaho Consumer Protection Act. *See* Dkt. 106, ¶ 2.0 & p. 47.

his objections. Therefore, the objections are denied as untimely. However, in the interests of justice the Court will also address the merits of Plaintiff's objections.

## OBJECTIONS

Judge Bush recommends granting the pending motion to dismiss and Plaintiff not be given a further opportunity to amend his claims. Plaintiff responds to the Report and Recommendation arguing this Court should apply the reasoning in a recently issued Washington state Supreme Court decision, *Bain v. Metropolitan Mortgage Group, Inc.*, 2012 WL 3517326 (Wash. 2012) and hold the original transfer of a beneficial interest in the Deed of Trust to MERS was invalid so everything that occurred after that transfer of interest is also invalid. The Court rejects this argument.

First, the *Bain* decision by the Washington state Supreme Court is not binding precedent on this Court. Second, the *Bain* court acknowledged in its opinion that Idaho law (Idaho's Deed of Trust Act) did not define "beneficiary" similar to Washington law. *Id.* *13. Idaho law does not require that a "beneficiary" be "the holder of the instrument" like Washington law. Third, this Court must apply Idaho law and the Idaho Supreme Court has determined MERS can execute the rights of a beneficiary. *Trotter v. Bank of N.Y. Mellon*, 275 P.3d 857 (Idaho 2012). Fourth, all of the assignments necessary to validate the non-judicial foreclosure of the property at issue were properly recorded in this case. Fifth, the foreclosure has already been upheld by the Idaho state court and Mortensen failed to appeal the state court judgment in favor of HSBC. Sixth, the Ninth Circuit has held even if MERS is sham beneficiary and the note is split from the deed, this does not result in no party having the power to foreclose. *Cervantes, v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (D. Ariz. 2011).

Because the Court declines to follow the *Bain* decision, the Court finds the objections of Plaintiff must be denied. The Court adopts and incorporates by reference the well-reasoned and detailed legal analysis of Judge Bush as its own analysis of the numerous claims of Mortensen. Additionally, the Court agrees with Judge Bush that allowing an additional opportunity for Mortensen to amend his Complaint a fourth time would be futile.

Therefore, the Defendants' motion to dismiss will be granted and the case will be dismissed in its entirety.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 128) shall be **INCORPORATED** by reference and **ADOPTED** consistent with the analysis in this Order.

**IT IS FURTHER ORDERED**:

1. Defendants' Motion to Dismiss (Dkt. 111) is **GRANTED** and the case is **DISMISSED IN ITS ENTIRETY.**

2. The parties are advised no motions for reconsideration will be entertained by the Court.

DATED:  September 26, 2012

_____
**Honorable Edward J. Lodge**
**U. S. District Judge**